IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Serka Insaat ve Ticaret AS, ) | Civil Action No.: 8:10-3187-TMC |
| ) | |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Sierra One Security LLC; and ) | |
| Douglas Rogers ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the Plaintiff's Motion for Default Judgment (Dkt. # 12). Plaintiff, Serka Insaat ve Ticaret A.S. ("Serka"), is seeking an order of default judgment pursuant to Rule 55, Fed. R. Civ. P., against Defendants Sierra One Security LLC ("Sierra") and Douglas Rogers ("Rogers"), in the amount of $637,782.36 plus applicable interest and attorneys' fees.

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. In addition to service under the federal rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may be made "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1). Thus, the Court here should look to both South Carolina and Federal law to see if service was proper, as Plaintiff could have effected service under either. It appears Plaintiff attempted to achieve service by publication. As there is no provision for service by publication under Federal law, the court looks to South Carolina to determine if Plaintiff properly served Defendants in this action.

In the Complaint, Plaintiff alleges that upon information and belief, Defendant Sierra

is a limited liability company organized under the laws of the State of South Carolina with its principal place of business located in Anderson, South Carolina. Further, the Plaintiff alleges in the Complaint that Defendant Rogers is a citizen and resident of Anderson County, South Carolina.

    S.C. Code § 15-9-710 provides, in pertinent part:

> When the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof, the clerk of the court of common pleas, the master, or the probate judge of the county in which the cause is pending and (b) it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a proper party to an action relating to real property in this State, the court, judge, clerk, master, or judge of probate may grant an order that the service be made by the publication of the summons in any one or more of the following cases:
>
> (1) when the defendant is a foreign corporation and has property within the State or the cause of action arose therein;
>
> (2) when the defendant, being a resident of this State, has departed therefrom, with intent to defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent;
>
> (3) when the defendant is a resident of this State and after a diligent search cannot be found;

There is no indication that Plaintiff complied with S.C. Code Ann. § 15-9-710. Plaintiff did not seek an order from this Court for service by publication and there is no showing of any efforts to effect service upon either Defendant in this action. "[I]t is important to note that a party utilizes these alternative methods of service only after first exercising reasonable or due diligence to effect service on an individual or agent." *Hooper v. Ebenezer Sr. Services and Rehabilitation Center*, 687 S.E.2d 29, 34 (S.C. 2009). The Court finds that Plaintiff has failed to satisfy the requirements for service by publication in this action.

    Further, Plaintiff has not complied with Rule 55, Fed.R.Civ.P. Rule 55(a) provides

that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  After the clerk enters default, the party may then seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982).  Plaintiff's Motion for Default Judgment (Dkt. # 12) is **DENIED**.

The Complaint in this action was filed December 16, 2010.  (Dkt. # 1).  Although a civil action is commenced by filing a complaint with the court, the Federal Rules of Civil Procedure require that service on the defendants be effected within 120 days after the complaint is filed. Fed.R.Civ.P. 3, 4(m). However, if a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. Fed.R.Civ.P. 4(m). If a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. *Id*.  Plaintiff is ordered to show good cause in writing to the court within 20 days as to why service could not be properly effected on Defendants within 120 days of the filing of the Complaint. Failure to comply with this directive will result in dismissal of the action against Defendants without prejudice pursuant to Fed.R.Civ.P. 4(m).

**IT IS SO ORDERED.**

                                                                        s/Timothy M. Cain
                                                                       United States District Judge

November 3, 2011
Greenville, South Carolina